[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an application for visitation brought by Pedro C. Malave and Ramona Malave who are the paternal grandparents of a minor child named Isis Dyani Malave, born November 19, 2001. The respondent Lorraine Ortiz was the mother of said child. The matter appears before the court at short calendar pursuant to an order to attend hearing served with the petition. The parties are pro se.
The application is unaccompanied by any supporting documentation or factual allegations of any kind. There is a judicial department form entitled "Affidavit Concerning Children" attached to the application which alleges that from the time of the birth of the child she has lived with her mother and her maternal grandparents in Hartford, Connecticut.
This matter is controlled by Connecticut General Statutes § 46b-59. That particular statute has been interpreted by the Connecticut Supreme Court in the matter of Roth v. Weston, 259 Conn. 202, 789 A.2d 431
(2002). The application of Roth v. Weston, supra, requires that the court initially address the issue of jurisdiction. "First, the petition must contain specific, good faith allegations that the petitioner has a relationship with the child that is similar in nature to a parent/child relationship. The petition must also contain specific, good faith allegations that denial of the visitation will cause real and significant harm to the child . . . It must be a degree of harm analogous to the kind of harm contemplated by §§ 46b-120 and 46b-129, namely that the child is neglected, uncared for or dependent. The degree of specificity of the allegations must be sufficient to justify requiring the fit parent to subject his or her parental judgment to unwanted litigation. Only if these specific good faith allegations are made will a court have jurisdiction over the petition." Roth v. Weston, supra, 259 Conn. 234-35.
The Court sets out a second jurisdictional hurdle as well, which need not be addressed here. Having examined the petition and supporting documents in this matter, this Court finds that the first jurisdictional CT Page 1557 requisite has not been met in accordance with the requirements outlined above.
Accordingly, the petition for visitation is hereby dismissed.
By the Court
Antonio C. Robaina, J. CT Page 1558